NOT FOR PUBLICATION                    [Docket No. 71]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| McLANE FOODSERVICE, INC., a Texas Corporation<br><br>                    Plaintiff,<br><br>        v.<br><br>READY PAC PRODUCE, INC., et al.,<br><br>                    Defendants. | Civil Action No. 10-cv-6076 RMB/JS<br><br>**OPINION** |

Appearances:

Frederick W. Alworth
Robert C. Brady
Scott J. Etish
Timothy J. Duva
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310

        Attorneys for Plaintiff McLane Foodservice, Inc.

Dirk M. Schenkkan
Mark Price Wolf
Jaime M. Huling Delaye
Howard Rice Nemerovski Canady Falk & Rabkin
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024

Anthony J. Sylvester
Anthony C. Valenziano
Riker Danzig Scherer Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981

        Attorneys for Defendant Tanimura & Antle, Inc.

**BUMB**, UNITED STATES DISTRICT JUDGE:

Defendant Tanimura & Antle, Inc. ("Tanimura") has moved to dismiss five of the seven counts alleged by Plaintiff McLane Foodservice, Inc. (the "Plaintiff") in their Modified First Amended Complaint (the "Amended Complaint"). [Docket No. 52]. For the reasons that follow, Tanimura's Motion to Dismiss is DENIED, in part, and GRANTED, in part.

I.   Background

This case arises out of an outbreak of Escherichia coli ("E. coli") bacteria in the fall of 2006, which allegedly derived from the presence of E. coli in lettuce found at Taco Bell restaurants in several Northeastern states.  Am. Compl. at ¶ 1, 24.  Taco Bell is one of many "fast food" establishments operated or licensed by Yum! Brands Inc. ("Yum!").  Id. at ¶ 8. While Yum! owns and operates a number of its restaurants, the majority are operated by franchisees.  Id.

Yum! contracts with various product manufacturers to produce customized equipment and supplies for exclusive use in its restaurants.  Id. at ¶ 9.  Defendant Ready Pac Produce, Inc., a California corporation, ("Ready Pac") was, and is, one of these manufacturers.  Id.  Yum! contracted with Ready Pac to serve as its exclusive regional processor and provider for all the produce used in Taco Bell menu items, including the iceberg

lettuce allegedly responsible for the E. coli outbreak. Id. In turn, Ready Pac contracted with Tanimura, also a California corporation, to procure the raw produce, which Ready Pac would then process to Taco Bell's specifications, before packaging it and shipping it out to various warehouses operated by distribution companies with whom Yum! contracts separately. Id. at ¶ 10. The Plaintiff, a Texas corporation, is one such distributor. Id. at ¶ 11.

Yum! and Ready Pac's agreement was memorialized in a Supplier Business Relationship Agreement ("SBR Agreement"). The SBR Agreement contained an indemnification provision whereby Ready Pac agreed to indemnify McLane and other Yum! distributors for any damages arising out of the produce it supplied, including attorney's fees. Id. at ¶ 23. The SBR Agreement also contained a provision making downstream purchasers, such as the Plaintiff, express third-party beneficiaries of the protections contained in the SBR Agreement. Id. at ¶ 22. Tanimura is not alleged to be a party to the SBR Agreement. See generally Am. Compl. Tanimura and Ready Pac also entered into a Safe Produce Guarantee (the "Guarantee"), in which Tanimura certified that its produce complied with all applicable laws and regulations and agreed to indemnify Ready Pac for all damages arising out of

its noncompliance with the Guarantee.  Id. at ¶ 17; Wolf Decl.
Ex. 1 at ¶ 8 [Docket No. 71].[1]

In the wake of the E. coli outbreak several lawsuits were
filed.  On or about August 18, 2008, Taco Bell franchisees
initiated two lawsuits against the Plaintiff in the United
States District Court for the Eastern District of Pennsylvania
seeking damages suffered due to the alleged E. coli
contamination.  Id. at ¶ 28.  These matters were settled.  Id.
The Plaintiff, along with Taco Bell and Yum!, were also named as
defendants in an additional twenty-five lawsuits filed by Taco
Bell customers in New Jersey, New York, and Pennsylvania.  Id.
at ¶ 30.  These matters have since been dismissed.  Id.

On or about November 19, 2010, the Plaintiff filed this
suit against Ready Pac seeking to recover for losses it
allegedly suffered as a result of the E. coli outbreak,
including loss of profits, loss of inventories, loss of good
will, and for indemnification/contribution for money spent
defending/settling the lawsuits arising out of the E. coli
outbreak.  Id. at ¶ 1, 33-34.  On April 11, 2011, the Plaintiff

---

[1]    While the Guarantee was attached to Tanimura's motion to dismiss, and
not included as an exhibit to the Amended Complaint, this Court may
consider it on Tanimura's motion to dismiss because it is integral to,
and explicitly relied upon by, the Amended Complaint.  See Am. Compl. ¶
17, 45-48 (asserting a claim against Tanimura based on the Guarantee)
(Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 83 n.4 (3d Cir.
2011)("As a general rule, a district court ruling on a motion to
dismiss may not consider matters extraneous to the pleadings.  However,
a limited exception exists for documents that *are integral to or
explicitly relied* upon in the complaint.")(quotation and citation
omitted)(emphasis in original).

learned that Tanimura supplied the lettuce allegedly responsible for the E. coli contamination.  Id. at ¶ 21.  In September of 2011, the Plaintiff amended its pleadings to add Tanimura as a defendant, alleging the following causes of actions against Tanimura:

> (1) a third party beneficiary claim (Count Two)
>
> (2) a quasi-contract claim (Count Three)
>
> (3) a negligence claim (Count Four)
>
> (4) a breach of implied warranty of merchantability claim (Count Seven)
>
> (5) an unjust enrichment claim (Count Ten)
>
> (6) a common law contribution claim (Count Fifteen)
>
> (7) a common law indemnification claim (Count Sixteen).

Tanimura filed a Motion to Dismiss Counts 2, 3, 4, 7, and 10 pursuant to Federal Rule of Procedure 12(b)(6).

II.  Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quotations and citations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir.2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

III. Analysis

As discussed above, Tanimura has moved for dismissal of five of Plaintiff's claims.  Because the parties agree that New Jersey and California law are the potentially applicable laws for these claims, and because courts typically defer a full choice-of-law analysis until there is a fuller factual record, this Court will consider the viability of these claims under both sets of law. See Harper v. LG Electronics USA, Inc., 595 F. Supp. 2d 486, 491 (D.N.J. 2009)(deferring the choice-of-law analysis until a fuller factual record was developed);

6

<u>Transportes Ferreos de Venezuela II CA v. NKK Corp.</u>, 239 F.3d 555, 560 (3d Cir. 2001)(applying New Jersey law where there was no dispute as to its application).  The Court analyzes each claim in turn.

A.    <u>Third-Party Beneficiary Breach of Contract Claim</u>

In Count Two of the Amended Complaint, Plaintiff asserts that it is a third-party beneficiary to the SBR Agreement and Guarantee and that Tanimura's alleged failure to provide safe lettuce constituted a breach of those agreements.  Tanimura argues Plaintiff's claim fails because Plaintiff is not a third party beneficiary of the Guarantee and Tanimura is not a party to the SBR Agreement.

For the Plaintiff to qualify as a third-party beneficiary under both New Jersey and California law, it must show that the pertinent contract was "made for the benefit of [that] third party within the intent and contemplation of the contracting parties."  <u>Grant v. Coca-Cola Bottling Co. of N.Y., Inc.</u>, 780 F. Supp. 246, 248 (D.N.J. 1991)(citing and quoting <u>First National State Bank of N.J. v. Commonwealth Federal Savings and Loan Assoc.</u>, 610 F.2d 164, 170 (3d Cir. 1980); <u>see</u> <u>also</u> <u>F.D.I.C. v. Frankel</u>, 11-CV-03278, 2011 WL 5975262, at*3 (N.D. Cal. Nov. 29, 2011)(holding that a contract must "be made expressly for the benefit of third parties, and expressly simply means in an express manner; in direct or unmistakable terms; explicitly;

definitely; directly" in order to confer third-party beneficiary status).  "The contractual intent to recognize a right to performance in the third person is the key.  If that intent does not exist, then the third person is only an incidental beneficiary, having no contractual standing."  Broadway Maintenance Corp. v. Rutgers, State Univ., 447 A.2d 906, 909 (N.J. 1982)(citing omitted); see also Unite Here Local 30 v. Dep't of Parks and Recreation, 194 Cal. App. 4th 1200, 1215 (2011)(same).  To determine whether a third party is an intended beneficiary, courts "examine the terms of the agreement and the surrounding circumstances."  Grant, 780 F. Supp. at 249 (citation omitted); see also Johnson v. Superior Court, 80 Cal. App. 4th 1050, 1064 (2000).  While Plaintiff argues that it may be improper to dismiss a third-party beneficiary claim at this stage in the proceedings (see Solid Host, NL v. Namecheap, Inc., 652 F. Supp. 2d 1092, 1119 (C.D. Cal. 2009)("Because they involve factual questions of intent, third party beneficiary claims are often not appropriate for resolution via motion to dismiss.")), courts in both New Jersey and California have found it appropriate to dismiss third-party beneficiary claims when "it is clear from the Agreement that plaintiff was never intended as a third-party beneficiary."  Grant, 780 F. Supp. 246, 249 (dismissing a third-party beneficiary claim via motion to

dismiss); see also Lazar v. Trans Union LLC, 195 F.R.D. 665, 674 (C.D. Cal. 2000)(doing the same under California law).

Here, both of Plaintiff's third-party beneficiary claims fail. Tanimura was not a party to the SBR Agreement. Therefore, with respect to the SBR Agreement, it cannot be liable to a third-party beneficiary of the contract, like the Plaintiff, based on that agreement. See Eagle Fire Protection Corp. v. First Indem. Of Am. Ins. Co., 678 A.2d 699, 703 (N.J. 1996)("It is well settled that [a] third party beneficiary's rights depends upon, and are measured by, the terms of the contract between the promisor and the promisee.")(citations and internal quotation marks omitted); Principal Mut. Life Ins. Co. v. Vars, Pave, McCord & Freedman, 65 Cal. App. 4th 1469, 1486 (1998)(same). And with respect to the Guarantee, Plaintiff's Amended Complaint does not state any facts that could lead to the plausible conclusion that the contracting parties intended Plaintiff to have contractual rights enforceable in court. The Guarantee, in pertinent parts, provides:

> [Tanimura} is responsible for and hereby indemnifies and holds harmless [Ready Pac], its employees, officers, directors, agents, successors, and assigns from and against any and all claims, damages and liabilities asserted by third parties, both governmental and private, arising from or because of [Tanimura's] noncompliance with or violation of this Guarantee.

Wolf Decl. Ex. 1 at ¶ 8. The Guarantee is meant to benefit and protect Ready Pac in the event Tanimura fails to comply with the

Guarantee.  The provision indemnifies Ready Pac from allegations asserted by third parties; it does not purport to indemnify parties not mentioned in the Guarantee.  While parties need not be named to be considered a third-party beneficiary, some evidence of intention must be manifested.  See Frankel, 11-CV-03278, 2011 WL 5975262, at *3; Consult Urban Renewal Dev. Corp. v. T.R. Arnold & Assoc., Inc., CIV A 06-1684, 2007 WL 1175742, at *2-3 (D.N.J. Apr. 19, 2007).  And here there is none.  The Plaintiff is nothing more than an "incidental beneficiary without contractual standing."  Broadway Maintenance Corp., 447 A.2d at 909; see also Bontemps v. BAC Homes Loans Servicing, L.P., No. D058617, 2011 WL 5169434, at *3 (Cal. Crt. App. Nov. 1, 2011).  Therefore, as Plaintiff has failed to make out a third-party beneficiary claim, Count Two is dismissed.

   B.   Quasi-Contract Claim

   In Count Three of the Amended Complaint, Plaintiff seeks to recover damages for breach of a quasi-contract based on actions taken by Plaintiff that allegedly conferred financial benefit upon Tanimura, namely, by defending and settling the lawsuits arising out of the E. coli outbreak and by purchasing produce supplied by Tanimura, which it had to destroy.  See Am. Compl. at ¶¶ 33, 34, 50.  Tanimura argues that no quasi-contract was formed because: (1) Plaintiff never expected remuneration from Tanimura; and (2) Tanimura never "accepted" any benefit from

Plaintiff.  The Court agrees with Tanimura.  The Amended Complaint fails to allege facts sufficient to support a claim for quasi-contract under either New Jersey or California law.

Quasi-contract, also known as *quantum meruit*, is an equitable remedy granted to a plaintiff who has rendered services benefiting a defendant, when it would be unjust for the defendant not to compensate the plaintiff.  See In re Hines, 147 F.3d 1185, 1191 (9th Cir. 1998); Weichert Co. Realtors v. Ryan, 608 A.2d 280, 285 (N.J. 1992).  Under New Jersey law, recovery is permitted under *quantum meruit* only if a plaintiff can establish:

> (1) that the services were performed in good faith,
>
> (2) the services were accepted by the person for whom they were rendered,
>
> (3) plaintiff reasonably expected compensation for performing the services, and
>
> (4) the value of the services is reasonable.

Starkey, Kelly, Blaney & White v. Estate of Nicolaysen, 796 A.2d 238, 242-43 (N.J. 2002)(citing Longo v. Shore & Reich, Ltd., 25 F.3d 94, 98 (2d Cir. 1994); see also Iliadis v. Wal-Mart Stores, Inc., 922 A.2d 710, 723 (N.J. 2007)("[Q]uasi-contract doctrine also requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration

enriched defendant beyond its contractual rights.")(citations and internal quotation marks omitted).

Similarly, under California law, a quasi-contract is formed only if one party accepts and retains a benefit under circumstances making it inequitable for that party to retain the benefit without paying for its reasonable value. See Hall v. Lewis, No. A123730, 2009 WL 4549192, at *3 (Cal. App. 1 Dist. Dec. 7, 2009). Further, California courts generally require "[b]oth parties in a quasi-contractual relationship [to] have contemplated compensation before quantum meruit recovery is available." GR Corp. v. Amway Corp., 28 F. App'x 709, 710 (9th Cir. 2002)(applying California law); see also Hall, No. A123730, 2009 WL 4549192, at *3(same).

Plaintiff claims it provided Tanimura with a valuable service by defending and settling the legal actions arising out of the E. coli outbreak and by purchasing contaminated lettuce. Am. Compl. at ¶¶ 28-33, 51. However, nowhere in the Amended Complaint does Plaintiff allege that it reasonably expected compensation for the performance of these alleged services or that Tanimura had accepted these alleged benefits. See generally Am. Compl. Both the expectation of compensation for services rendered and the defendant's acceptance of those services are essential elements of the claim. See Starkey, 796 A.2d at 242-43 (listing the elements for recovery under quantum

12

*meruit*); <u>Weichert</u>, 608 A.2d at 285-86 (requiring expectation of payment and acceptance of service rendered for quasi-contractual recovery); <u>see</u> <u>also</u> <u>Hall</u>, No. A123730, 2009 WL 4549192, at *3 (same under California law)(citations omitted).

Because Plaintiff has failed to plead that: (1) it expected remuneration from Tanimura; or (2) that Tanimura accepted the alleged services rendered, as required to make out a quasi-contract claim, Count Three is dismissed.

C.   <u>Unjust Enrichment Claim</u>

In Count Ten of the Amended Complaint, Plaintiff seeks to recover damages for the unjust enrichment of Tanimura. Specifically, Plaintiff alleges Tanimura was unjustly enriched in three ways: (1) when Plaintiff purchased the allegedly contaminated produce Tanimura supplied to Ready Pac, which Plaintiff later had to destroy; (2) when Plaintiff defended and settled the lawsuits arising from the E. coli outbreak; and (3) at some point in the future if Plaintiff were to be held liable in future proceedings arising out of the E. coli outbreak.  Am. Compl. at ¶¶ 28-32, 86-89.  Tanimura argues that there was no unjust enrichment.

Under New Jersey law, to state a cognizable claim for unjust enrichment, a plaintiff must establish:

(1)  the Defendant received a benefit,

(2)  Defendant's retention of that benefit would be unjust,

13

(3)   Plaintiff expected remuneration from the Defendant at
      the time it performed or conferred a benefit on
      defendant, and

(4)   the failure of remuneration enriched defendant beyond
      its contractual rights.

Slack v. Suburban Propane Partners, L.P., No. 10-2548, 2010 WL
5392845, at *9 (D.N.J. Dec. 22, 2010)(citing VRG Corp. v. GKN
Realty Corp., 641 A.2d 519, 526 (N.J. 1994).  And, while it is
an open question whether unjust enrichment is even an
independent cause of action in California, see Foster Poultry
Farms v. Alkar-Rapidpak-MP Equip., Inc., No.1:11-CV-00030, 2011
WL 2414567, at *6 (E.D. Cal. June 8, 2011)(holding unjust
enrichment is not an independent cause of action, while
recognizing there is a split within the California courts on the
issue), those courts that have recognized it have required
substantially the same elements as are required under New Jersey
law.  See S.F. Bay Area Rapid Transit Dist. V. Spencer, No. C
04-04632, 2006 WL 3751428, at *1 (N.D. Cal. Dec. 19,
2006)("[T]he California state law test for unjust
enrichment . . . is: 'To state a claim for unjust enrichment a
plaintiff must allege: (1) receipt of a benefit; and (2) unjust
retention of the benefit at the expense of another.'"(quoting
and citing Sigma Dynamics, Inc. v. E. Piphany, Inc., No. C-04-
569, 2004 U.S. Dist. LEXIS 24261, at *1, *15 (N.D. Cal. May 21,
2004); Creager v. Yoshimoto, No. C 05-01985, 2007 WL 2938168, at

*5 (N.D. Cal. Oct. 9, 2007)("Under California law, a plaintiff is only entitled to recover for unjust enrichment 'if the circumstances are such as to warrant the inference that it was the expectation of both parties during the time the services were rendered that the compensation should be made.'")(citation omitted)(emphasis in original).

As discussed above, nowhere does the Amended Complaint reference an expectation of remuneration for any of the alleged benefits conferred on Tanimura or a receipt by Tanimura of the alleged benefits.  In fact, it is not clear that Plaintiff knew of Tanimura's identity at the time the alleged benefits were conferred.  Further, as to any benefit that might be conferred on Tanimura in the future, those claims are premature, because an unjust enrichment claim requires that a defendant has "received a benefit."  Slack, 2010 WL 5392845, at *9(emphasis added).

Because Plaintiff has failed to plead all of the elements necessary to recover under a claim of unjust enrichment, Count Ten is dismissed.

D.   Breach of the Implied Warranty of Merchantability Claim

In Count Seven of the Amended Complaint, Plaintiff claims that Tanimura breached the Implied Warranty of Merchantability under the Uniform Commercial Code ("U.C.C.") by supplying

tainted lettuce.  Tanimura contends that Plaintiff's claims fail under both New Jersey and California law.

New Jersey law permits an indirect purchaser to assert claims for implied warranty so long as they are foreseeable subsequent buyers.  See Paramount Aviation Corp. v. Agusta, 288 F.3d 67, 73 (3d Cir. 2002)(citing Henry Heide, Inc. v. WRH Prods. Co., 766 F.2d 105, 110 (3d Cir. 1985)("[A] seller of goods . . . impliedly warrants that its goods are merchantable to all foreseeable, subsequent buyers."

Tanimura does not dispute that New Jersey law permits a foreseeable subsequent buyer to assert claims for breach of implied warranty.  Rather, Tanimura argues that Plaintiff has failed to allege that it is, in fact, a subsequent purchaser of Tanimura's lettuce.  This Court disagrees.  Taking the facts alleged in the Amended Complaint as true, and drawing all reasonable inferences (Iqbal, 556 U.S. at 678), the Amended Complaint sufficiently states that Plaintiff was indeed a subsequent purchaser of the lettuce.  See Am. Compl. ¶ 22 ("The SBR Agreement contains a provision whereby downstream purchasers, including distributors like McLane, are express third-party beneficiaries of those protections and are entitled to enforce such obligations and restrictions directly against Ready Pac.")(emphasis added).  Therefore, Plaintiffs have stated a

16

cognizable claim for relief for breach of the Implied Warranty of Merchantability under New Jersey law.

In contrast, Plaintiff has failed to state a claim under California law.  Under California law, unlike New Jersey law, a plaintiff asserting breach of warranty claims must generally stand in vertical contractual privity with the defendant and be a direct purchaser of the good at issue.  Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008)(applying California law, dismissing a Breach of Implied Warranty claim for lack of vertical privity).  As an exception to this general rule, California permits a plaintiff to assert an implied warranty claim, despite a lack of vertical privity, if he successfully pleads third-party beneficiary status.  See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig., 754 F. Supp. 2d. 1145, 1184 ("Although courts applying California law regarding the third-party beneficiary exception to the vertical privity requirement of implied warranty claims have come to differing conclusions, the clear weight of authority compels a conclusion that where plaintiffs successfully plead third-party beneficiary status, they successfully plead a breach of implied warranty claim.") Here, while Plaintiff does not purport to be in vertical privity with Tanimura, it claims that the exception to the privity requirement is applicable because it is a third-party

beneficiary.  But, as discussed above, Plaintiff has failed to
successfully plead that it is a third-party beneficiary of the
Guarantee or any other contract to which Tanimura is a party.
Therefore, Plaintiff's Amended Complaint does not assert a valid
claim for breach of the Implied Warranty of Merchantability
under California law.

However, because the Court will defer making a choice-of-
law determination until a more complete factual record is
compiled, and because Plaintiff has sufficiently stated a claim
for breach of implied warranty under New Jersey law, Tanimura's
Motion to Dismiss Count Seven is denied.

E.   Negligence Claim

In Count Four of the Amended Complaint, Plaintiff seeks to
recover for compensatory damages, incidental damages,
consequential damages, loss of good will, and loss of profits as
a result of Tanimura's alleged negligence.  See Am. Compl at ¶
57.  Tanimura argues that Plaintiff's negligence claim fails
because: (1) it is solely seeking economic damages; and (2)
Plaintiff is not entitled to recover economic damages under
either New Jersey or California law.

Under New Jersey law, it is immaterial whether Plaintiff
alleges solely economic damages, because it has stated a valid
claim to recover for economic damages.  New Jersey law permits
plaintiffs to seek economic damages for negligence, so long as

the plaintiff is a "particular plaintiff[] . . . comprising an
identifiable class with respect to whom defendant knows or has
reason to know [is] likely to suffer such damages from its
conduct." People Exp. Airlines, Inc. v. Consol. Rail Corp., 495
A.2d 107, 116 (N.J. 1985).

Tanimura argues that Plaintiff has failed to demonstrate,
as required, that it was part of a particularly foreseeable
class of identifiable plaintiffs. See id. However, accepting
the allegations of Plaintiff's Amended Complaint as true,
Plaintiff has sufficiently alleged it was part of a particularly
identifiable class. See Am. Compl. at ¶¶ 19, 55. Tanimura knew,
or should have known, that the produce it supplied to Ready Pac
would become part of the Yum! distribution chain. See Am. Compl.
at ¶ 18. Tanimura was also aware the produce it supplied to
Ready Pac would be shipped by McLane to various Yum!
establishments. Id. And the injuries suffered by the Plaintiff
as a result of Tanimura's breach of duty were sufficiently
foreseeable given Plaintiff's downstream status in the
distribution chain. Id. at ¶ 57. Therefore, Plaintiff has
sufficiently alleged that it was a particularly identifiable
plaintiff who would be foreseeably injured by Tanimura's
negligence.

California law only permits recovery for economic damages
where a special relationship exists between the parties. See

J'Aire Corp. v. Gregory, 24 Cal. 3d 799, 804 (1979).  Plaintiff

argues that: (1) it has pled loss of good will and damage to

reputation, which it asserts are non-economic damages; and (2)

it, in any event, had a special relationship with Tanimura.  The

Court disagrees.  First, loss of good will is considered an

economic loss under California law.  See Lassen Canyon Nursery,

Inc. v. Royal Ins. Co. of Am., 720 F.2d 1016, 108 (9th Cir.

1983)(listing loss of good will as an economic loss); Giddings v.

Indus. Indem. Co., 112 Cal. App. 3d 213, 219 (1980)(same).  And

with respect to reputational damage, Plaintiff did not allege

this claim in their Amended Complaint so this Court will not

consider its viability.  See generally Am. Compl.

    Second, Plaintiff has failed to sufficiently allege it has

a special relationship with Tanimura, as required to recover for

economic damages in California.  In determining whether a

special relationship exists, California courts consider:

    (1) the extent to which the transaction was intended to
        affect the plaintiff;

    (2) the foreseeability of harm to the plaintiff;

    (3) the degree of certainty that the plaintiff suffered
        injury;

    (4) the closeness of the connection between the defendant's
        conduct and the injury suffered;

    (5) the moral blame attached to the defendant's conduct; and

    (6) the policy of preventing future harm.

J'Aire Corp., 24 Cal. 3d at 804.

California courts have interpreted factor one of the test to require that the transaction be intended to affect the "particular needs" of the plaintiff, and not just be intended to affect a general class of consumers, of which the plaintiff is a part.  See Greystone Homes, Inc. v. Midtec, Inc., 168 Cal. App. 4th 1194, 1231 (2008)(explaining "that the product manufacturers . . . [do] not share a special relationship with ordinary buyers of the products . . . because the purchasers . . . were no different from any other purchaser of the same product")(emphasis in original); Desert Healthcare Dist. V. Pacificare, FHP, Inc., 94 Cal. App. 4th 781, 792 (2001)("The conduct alleged to have been negligent must have been intended to affect that particular plaintiff, rather than just a class of persons to whom the plaintiff happens to belong."); Fieldstone Co. v. Briggs Plumbing Prods., Inc., 54 Cal. App. 4th 357, 368 (1997)(same); Ott v. Alfa-Laval Agri, Inc., 31 Cal App. 4th 1439, 1455-56 (1995)(same).

The Plaintiff in this case, while certainly foreseeable, was just one of many who would be injured by the sale of Tanimura's allegedly contaminated lettuce.  And Plaintiff has failed to allege, as required, that the allegedly negligent conduct was specifically intended to affect it.  Where, as here, the transaction was not specifically intended to affect a

21

plaintiff, a special relationship cannot exist and this Court
need not consider the remaining J'Aire factors.  See Fieldstone
Co., 54 Cal. App. 4th at 368 (recognizing that when a
transaction was not intended to particularly affect a plaintiff,
the remaining J'Aire factors do not need to be considered); Ott,
31 Cal. App. 4th at 1455-56 (recognizing that failure to allege
the pertinent transaction was intended to affect the plaintiff
in particular, as opposed to all potential purchasers, precludes
a finding that a special relationship exists).  As such,
Plaintiff has not stated a claim sufficient to recover economic
damages under California law.

     However, because the court will defer making a choice-of-
law determination until a more complete factual record is
compiled, and because Plaintiff has sufficiently stated a
negligence claim under New Jersey law, Tanimura's Motion to
Dismiss Count Four is denied.

IV.  Conclusion

     For all these reasons, Tanimura's Motion to Dismiss is
DENIED, in part, and GRANTED, in part.

                                   s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge

Dated: June 27, 2012

                               22